UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WILLIAM WATSON JR.,

          Plaintiff,

-against-

EX-MAYOR BILL DE BLASIO, et al.,

          Defendants.

1:24-CV-6875 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated September 18, 2024, and entered on September 19, 2024, and by judgment dated and entered on September 19, 2024, the Court dismissed this *pro se* action. (ECF 4 & 5.) On October 9, 2024, Plaintiff filed a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 8 & 9.)

    For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

## DISCUSSION

**A.    Rule 4(a)(5) motion**

    A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Thus, Plaintiff had until October 21, 2024, to file a timely notice of appeal with regard to the abovementioned order

of dismissal and judgment.[1] Plaintiff filed his notice of appeal on October 9, 2024, before the relevant period to file his notice of appeal expired. (ECF 9.) Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.    IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its September 18, 2024, order, and again, in its September 19, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 4 & 5), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's September 18, 2024 order and its September 19, 2024 judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 8), as unnecessary, because his notice of appeal (ECF 9) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

---

[1] Because the last day of that 30-day period actually fell on Saturday, October 19, 2024, the applicable 30-day period expired on the next court-business day, Monday, October 21, 2024. *See* Fed. R. App. P. 26(a)(1)(C).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 4, 2024
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge